# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| ELISEO GARCIA #57842-180 | § | |
| | § | |
| V. | § | A-09-CA-377-LY |
| | § | |
| BRUCE HENDERSON and | § | |
| RAYMOND MARTINEZ | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:   The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint [Documents 1, 4]. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## STATEMENT OF THE CASE

At the time he filed his complaint pursuant to Bivens v. Six Unknown Agents of the Bureau of Narcotics and Dangerous Drugs, 403 U.S. 388, 91 S. Ct. 1999 (1971), Plaintiff was confined in the Pine Prairie Correctional Center in Pine Prairie, Louisiana. Plaintiff alleges Immigration Custom Enforcement Agents Bruce Henderson and Raymond Martinez entered his house without a search warrant on March 22, 2006. According to Plaintiff, Agents Henderson and Martinez pointed guns at Plaintiff and his children and took $3,880.00 and two vehicles. Plaintiff contends his children were traumatized by the experience. Plaintiff seeks the return of his property and $100,000,000 for

physical and emotional damage. Plaintiff calculates the damages as $25,000,000 for each of the four children.

## DISCUSSION AND ANALYSIS

A. Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B. Motion for Return of Property

Plaintiff currently has pending a civil action for the return of his property in Cause No. A-09-CV-152-LY. In that action Plaintiff seeks the return of his real property from the United States of America. He did not request the return of his two vehicles or $3,880.00.

In this action, Plaintiff has named two agents as defendants. The agents are not the proper defendants in an action for the return of property. The proper defendant for the return of property claim is the United States of America, which is the defendant in Cause No. A-09-CV-152-LY.

The Court is of the opinion Plaintiff's claims for return of property should be dismissed from this action without prejudice to filing an amended complaint in Cause No. A-09-CV-152-LY. Plaintiff should be allowed to amend his complaint to add his request for the return of his two vehicles and $3,880.00. All of Plaintiff's requests for return of property should be litigated in Cause No. A-09-CV-152-LY.

C. Statute of Limitations

Because there is no federal statute of limitations for Bivens claims, federal courts apply the general personal injury limitations period and tolling provisions of the forum state. Brown v. Nationsbank Corp., 188 F.3d 579, 590 (5th Cir. 1999); Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993); see also, Izen v. Catalina, 398 F.3d 363, 367 n. 3 (5th Cir. 2005). In Texas, the relevant statute of limitations is two years. See Cooper v. Brookshire, 70 F.3d 377, 380 n. 20 (5th Cir. 1995); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2005).

Plaintiff indicates the date of the incident was March 22, 2006. Plaintiff executed his original complaint on December 30, 2008, after the limitations period had expired. Accordingly, Plaintiff's Bivens claims are time-barred.

RECOMMENDATION

It is therefore recommended that Plaintiff's claims regarding the return of property be dismissed without prejudice to filing an amended complaint in Cause No. A-09-CV-152-LY. It is further recommended that Plaintiff's Bivens claims brought against Defendants Henderson and Martinez be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in

(a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders. See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 8th day of June, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE